UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

MARION CONSTABLE,

          Plaintiff,

- against -

EULEN AMERICA and ROXANNE J.
EPHRAIM,

          Defendants.
_____X

ROSLYNN R. MAUSKOPF, United States District Judge.

**MEMORANDUM AND ORDER**
12-CV-6074 (RRM) (RLM)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 2 6 2014 ★

BROOKLYN OFFICE

## BACKGROUND

Plaintiff Marion Constable, proceeding *pro se*, commenced the instant action on December 5, 2012, alleging that defendants, Eulen America ("Eulen") and Roxanne J. Ephraim violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–34. (Compl. (Doc. No. 1).) On December 13, 2012, Magistrate Judge Roanne L. Mann granted plaintiff's motion to proceed *in forma pauperis* and directed the United States Marshals Service to serve the summons and complaint on Eulen, but not on Ephraim, because the ADEA does not provide for individual liability. (Doc. No. 4.) On March 13, 2014, the Court issued a briefing schedule on Eulen's proposed motion to dismiss. (Mar. 13, 2014 Order.)

Before filing any motion to dismiss, however, Eulen learned that plaintiff had died on June 9, 2013. Eulen determined that plaintiff's sister, Leila Constable ("Leila"), was plaintiff's next of kin.[1] On March 27, 2014, Eulen sent to Leila, via certified mail, a letter notifying her that (1) plaintiff had commenced the instant action; (2) Eulen intended to file a Statement Noting

---

[1] Counsel for Eulen represents that he conducted a LexisNexis search to determine plaintiff's next of kin and attempted unsuccessfully to call all of plaintiff's potential relatives. (Doc. No. 15.) Counsel also contacted the New York Department of Health, which informed him that Leila Constable was plaintiff's next of kin. (*Id.*) Counsel then ran LexisNexis and TLO searches for Leila Constable and determined that she was residing at the YWCA of Northeastern New York, located in Schenectady. (*Id.*)

a Party's Death; (3) pursuant to Fed. R. Civ. P. 25(a), Leila had 90 days to file a motion for substitution; and (4) she could contact Eulen's counsel with any questions. (*See* Doc. No. 14; Certificates of Serv. (Doc. Nos. 15–16).)[2] On April 2, 2014, Eulen informed the Court that it had done this, and requested a pre-motion conference on a proposed motion to stay the instant action for 90 days and then dismiss the action if Leila failed to file a motion for substitution. (Doc. Nos. 13–14.) On April 3, 2014, the Court stayed the action for 90 days. (Apr. 3, 2014 Order.) Since that date, the Court has not received any motion for substitution.

## DISCUSSION

Fed. R. Civ. P. 25(a)(1) governs a situation when a party to a pending civil action dies, and allows for the substitution in certain circumstances. The Rule provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).[3] "Service of a suggestion of death by mail satisfies the requirements of Rule 25(a)(1)." *Boddie v. Evans*, No. 08 CV 911, 2011 WL 1085159, at *3 (E.D.N.Y. Mar. 21, 2011).

Here, because Eulen served Leila by mail, Leila had three additional days, or a total of 93 days, to move for substitution. *See id.* (citing Fed. R. Civ. P. 6(d)). More than four months have passed since this service, and Leila has neither moved for substitution nor requested an extension

---

[2] Eulen also attempted to serve Leila via hand delivery at the aforementioned YWCA on March 31, 2014, and April 1, 2014. (Doc. Nos. 14-4, 15.) However, a manager at the YWCA informed the process server that company policy prohibited her from providing any information about any individual's residency status. (*See id.*) As a result, Eulen was unable to serve Leila personally.

[3] The Court assumes for purposes of this Memorandum and Order that plaintiff's death did not extinguish her ADEA claim. *See Asklar v. Honeywell, Inc.*, 94 F.R.D. 419, 423-24 (D. Conn. 1982); *see also Khan v. Grotnes Metalforming Systs., Inc.*, 679 F. Supp. 751, 756–57 (N.D. Ill. 1988) (finding that ADEA claim survived plaintiff's death); *Hawes v. Johnson & Johnson*, 940 F. Supp. 697, 703 (D.N.J. 1996) (same).

of time to do so. "Although courts are generally more lenient with *pro se* litigants, the ninety-day limitation of Rule 25 is still strictly applied." *Merisier v. Comm'r*, No. 11 CV 1168, 2012 WL 3230449, at *2 (E.D.N.Y. Aug. 6, 2012) (dismissing deceased plaintiff's claims, where defendants properly served statement noting plaintiff's death and no party moved for substitution). Accordingly, the Court dismisses the instant action pursuant to Fed. R. Civ. P. 25(a)(1).

## CONCLUSION

The action is dismissed. Eulen shall serve a copy of this Memorandum and Order on Leila at her last known address and file a certificate of service by September 3, 2014. The Clerk of Court is directed to close this case in accordance with the accompanying Judgment. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
August 25, 2014

s/Roslynn R. Mauskopf

ROSLYNN R. MAUSKOPF
United States District Judge